IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, STATE OF FLORIDA
CIVIL DIVISION

OTHA LOCKETT,

Plaintiff,

CASE NO.: 12-CA-014444
DIV: D

-vs-

ENHANCED RECOVERY COMPANY, LLC
and PALISADES COLLECTION, LLC,

Defendants.
_______________________________/

FILED
2012 OCT 23 AM 11:29
CLERK U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

## COMPLAINT

The Plaintiff, OTHA LOCKETT, by and through the undersigned counsel, sues the Defendants, ENHANCED RECOVERY COMPANY, LLC ("ENHANCED") and PALISADES COLLECTION, LLC ("PALISADES"), and in support thereof respectfully alleges the following:

## JURISDICTION AND VENUE

1. This is an action for damages exceeding Fifteen Thousand Dollars ($15,000.00) exclusive of attorney fees and costs.

2. Jurisdiction and venue for purposes of this action are appropriate and conferred by Florida Statutes.

3. The alleged violations described in the Complaint occurred in Hillsborough County, Florida.

## FACTS COMMON TO ALL COUNTS

4. Plaintiff is a debtor and/or alleged debtor pursuant to Florida Statue 559.55(2) and at all times material hereto resided in Hillsborough County, Florida.

5. Defendant, ENHANCED, is a corporate entity responsible for attempting to collect a consumer debt from Plaintiff and is transacting business in the State of Florida.

6. Defendant, PALISADES, is a corporate entity responsible for attempting to collect a consumer debt from Plaintiff and is transacting business in the State of Florida.

7. Defendant, ENHANCED intentionally harassed and abused the Plaintiff on numerous occasions by their agents and representatives calling his residential phone number of 813-899-1653 several times during one day and on back to back days with a pre-recorded message requesting to speak with "Erica Conchrin," referenced number 63288602, from August, 2010 until August, 2012 with such frequency as can reasonably be expected to harass. Defendant has, or should be in possession and/or control of call logs and/or account notes that detail the exact number of calls made to Plaintiff over the relevant time period.

8. Defendant, PALISADES, intentionally harassed and abused the Plaintiff on numerous occasions by their agents and representatives calling his residential phone number of 813-899-1653 several times during one day and on back to back days with a pre-recorded message requesting to speak with "Diane Ward," regarding an AT&T account. from August, 2010 until August, 2012 with such frequency as can reasonably be expected to harass. Defendant has, or should be in possession and/or control of call logs and/or account notes that detail the exact number of calls made to Plaintiff over the relevant time period.

9. Defendants intentionally and willfully harassed and abused Plaintiff by their agents and representatives including attempting to collect on a debt by calling Plaintiff repeatedly and leaving an artificial voice in pre-recorded messages for "Erica Conchrin" and "Diane Ward" without Plaintiff's expressed consent and despite the Plaintiff advising each of the Defendants' representatives and agents that the number they were calling was not "Erica Conchrin's" or

"Diane Ward's" number and that neither women resided there, each time he answered one on their calls.

10. In an effort to collect from Plaintiff, Defendant, ENHANCED, left numerous messages on Plaintiff's cellular telephone using an automated telephone dialing system and/or artificial prerecorded voice to deliver the messages without Plaintiff's prior expressed consent.

11. In an effort to collect from Plaintiff, Defendant, PALISADES, left numerous messages on Plaintiff's cellular telephone using an automated telephone dialing system and/or artificial prerecorded voice to deliver the messages without Plaintiff's prior expressed consent.

12. Defendant, ENHANCED's, refusal to remove the Plaintiff's phone number from their calling list and dialing system, which included automated telephone dialing system calls and/or artificial prerecorded voice messages, being left two to three times a day, has caused the Plaintiff's life to be disrupted by the repeated phone calls and has caused the Plaintiff stress and frustration in trying to rectify ENHANCED's errors to no avail.

13. Defendant, PALISADES', refusal to remove the Plaintiff's phone number from their calling list and dialing system, which included automated telephone dialing system calls and/or artificial prerecorded voice messages, being left two to three times a day ,has caused the Plaintiff's life to be disrupted by the repeated phone calls and has caused the Plaintiff stress and frustration in trying to rectify PALISADES' errors to no avail.

14. ENHANCED's calls and refusal to stop calling were an attempt to collect this alleged debt from Plaintiff by harassment.

15. PALISADES' calls and refusal to stop calling were an attempt to collect this alleged debt from Plaintiff by harassment.

16. Plaintiff did not expressly consent to Defendants, ENHANCED's or PALISADES' placement of said telephone calls to his residential phone by the use of an automatic telephone

dialing system and/or a pre-recorded or artificial voice messaging system prior to the Defendants' placement of the calls.

17. None of Defendant, ENHANCED's, telephone calls placed to Plaintiff were for "emergency purposes: as specified in 47 U.S.C. § 227(b)(1)(B).

18. None of Defendant, PALISADES', telephone calls placed to Plaintiff were for "emergency purposes: as specified in 47 U.S.C. § 227(b)(1)(B).

19. Defendants, ENHANCED and PALISADES, willfully and/or knowingly violated the TCPA.

20. Due to the Defendants' constant calls and demands for payment, Plaintiff suffered actual damages in the form of, emotional distress, anxiety, fear, worry, embarrassment and mental suffering, pain and anguish and loss of the capacity to enjoy life.

21. Plaintiff's statutory and actual in the form of emotional distress, anxiety, fear, worry, embarrassment and mental suffering, pain and anguish and loss of the capacity to enjoy life pursuant to Florida Statutes including § 559.77 have continued and are continuing as of the filing of this complaint.

22. All conditions precedent to the filing of this action have occurred.

**COUNT I**
**(Violation of the Florida Consumer Collection Practices Act "FCCPA" Against ENHANCED RECOVERY COMPANY, LLC)**

Plaintiff re-alleges paragraphs 1 through 22 above and further states:

23. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

24. Defendant has violated Florida Statute §559.72(7) by willfully communicating with the Plaintiff with such frequency as can reasonably be expected to harass the debtor.

25. Defendant has violated Florida Statute §559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse the debtor.

26. Defendant has violated Florida Statute §559.72(9) by attempting to enforce a debt when it knows that the debt is not legitimate.

27. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of actual and statutory damages as described by Florida Statute §559.77.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, actual damages for emotional and mental pain and suffering, fear, humiliation, embarrassment, frustration and loss of capacity for the enjoyment of life, costs, interest, attorney's fees, and any other such relief the court may deem just and proper.

**COUNT II**

**(Violation of the Telephone Consumer Protection Act "TCPA" against ENHANCED RECOVERY COMPANY, LLC)**

Plaintiff re-alleges paragraphs 1-22 above and further states:

28. Defendant, ENHANCED, repeatedly placed non-emergency telephone calls to Plaintiff's residential phone using an artificial or prerecorded voice to deliver multiple messages without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(B).

**WHEREFORE,** Plaintiff respectfully request judgment be entered against Defendant for damages, costs, interest, attorney fees and any other such relief this Honorable Court deems appropriate in the spirit of Justice.

**COUNT III**
**(Violation of the Florida Consumer Collection Practices Act "FCCPA" Against PALISADES COLLECTION, LLC)**

Plaintiff re-alleges paragraphs 1 through 22 above and further states:

29. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

30. Defendant has violated Florida Statute §559.72(7) by willfully communicating with the Plaintiff with such frequency as can reasonably be expected to harass the debtor.

31. Defendant has violated Florida Statute §559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse the debtor.

32. Defendant has violated Florida Statute §559.72(9) by attempting to enforce a debt when it knows that the debt is not legitimate.

33. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of actual and statutory damages as described by Florida Statute §559.77.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, actual damages for emotional and mental pain and suffering, fear, humiliation, embarrassment, frustration and loss of capacity for the enjoyment of life, costs, interest, attorney's fees, and any other such relief the court may deem just and proper.

**COUNT IV**

**(Violation of the Telephone Consumer Protection Act "TCPA" against PALISADES COLLECTION, LLC)**

Plaintiff re-alleges paragraphs 1-22 above and further states:

34. Defendant, PALISADES, repeatedly placed non-emergency telephone calls to Plaintiff's residential phone using an artificial or prerecorded voice to deliver multiple messages

without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(B).

**WHEREFORE,** Plaintiff respectfully request judgment be entered against Defendant for damages, costs, interest, attorney fees and any other such relief this Honorable Court deems appropriate in the spirit of Justice.

Respectfully submitted,

Michael J. Vitoria, Esquire
Morgan & Morgan, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
Florida Bar #: 0135534
(MVitoria@forthepeople.com)
Attorney for Plaintiff